UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON BRADLEY, SR.,

        Plaintiff,

        v.                                              Case No. 20-C-558

CORENE GIEBEL, et al.,

        Defendants.

## SCREENING ORDER

    Plaintiff Brandon Bradley Sr., who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a previous order, the court dismissed Plaintiff's amended complaint for failing to comply with Rules 8, 18, and 20 of the Federal Rules of Civil Procedure and directed Plaintiff to file an amended complaint curing the defects in the original. On May 18, 2020, Plaintiff filed a motion for leave to file an amended complaint. The court will grant Plaintiff's motion and screen the amended complaint pursuant to 28 U.S.C. § 1915A.

### SCREENING OF THE COMPLAINT

    The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or

she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff has named the following individuals as defendants in this case: Corene Giebel, Joseph Beahm, Kyle Tritt, Lt. Dingman, Lt. Burns, CO Wodack, CO Jones, CO Bikowski, CO Bade, CO Bliegler, CO Adderton, CO Oneal, Sgt. Fisher, Lt. Sanchez, Yana Pusich, CO Leopold, CO McCawley, CO Pohl, CO Oneill, Nurse Taplin, and Anthony Meli. Plaintiff alleges that Corene Giebel was the records office supervisor at WCI in 2018 when Plaintiff conducted his preliminary hearing for case number 18-cf-158. During the hearing, Plaintiff reported that RHU staff attacked him. Plaintiff claims that, to hinder justice during the proceeding, Giebel allowed Beahm, Tritt, Dingman, Burns, Wodack, Jones, Bikowski, Bade, Bliegler, Adderton, Oneal, Fisher, Sanchez, Taplin, Leopold, McCawley, Pohl, and Meli to fabricate videos of the incidents

2

and alter incident reports. He asserts that the videos showed the officers doing everything by the book, when in reality, the officers used excessive force against him on March 16, 2018 and June 2, 2018. He claims that Pusich and Meli directed that the videos be altered.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that all of the defendants conspired to violate his right to due process in his criminal case, Case No. 18-cf-158, by altering videos and fabricating incident reports. A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (quoting *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988)). Allegations of conspiracy are held to a higher pleading standard than other allegations. *See Geinosky v. City of Chicago*, 675 F.3d 743, 749 (7th Cir. 2012). To state a civil conspiracy claim, the plaintiff must allege that "an actual conspiracy existed (in other words, that people agreed to injure him), that its purpose was to deprive [the plaintiff] of his constitutional rights, that an act was committed in furtherance of the conspiracy, and that he was injured." *Alexander v. City of South Bend*, 433 F.3d 550, 556–57 (7th Cir. 2006) (citing *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002)). The introduction of false conduct reports and altered video tapes did not violate due process because Plaintiff had the ability to litigate the truthfulness of the reports and the reliability of the videos at the hearing. *See Lagerstrom v. Kingston*, 463 F.3d 621,

3

624–25 (7th Cir. 2006). Because Plaintiff's conspiracy claims are based on allegations that do not state any violation of due process, he has failed to state a claim upon which relief can be granted.

Plaintiff also asserts that Beahm, Tritt, Meli, Sanchez, Burns, Dingman, and Pusich failed to protect him when they became aware of Plaintiff's abuse but did not correct that misconduct. Prison officials have a duty to protect inmates from violence when they are aware that the inmate faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Plaintiff's amended complaint only offers legal conclusions and does not contain any facts from which the court can infer that the defendants were aware of a substantial risk of harm and disregarded that risk. Plaintiff asserts that he told these defendants about an assault that already occurred, and his amended complaint does not contain allegations that any official was aware of a specific, impending, and substantial threat to Plaintiff's safety. *See Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Accordingly, Plaintiff's claim against these defendants will be dismissed.

Finally, Plaintiff alleges generally that the defendants violated federal Prison Rape Elimination Act (PREA) standards by engaging in retaliation after Plaintiff complained about sexual assault. As an initial matter, the PREA does not create a private right of action. While the purpose of the PREA is to reduce the occurrence of rape and sexual abuse in prisons, nothing in the language of the statute suggests that it was intended to create a private right of action. *See Rivera v. Drake*, No. 09-CV-1182, 2010 WL 1172602, at *3 (E.D. Wis. Mar. 23, 2010). Accordingly, Plaintiff's allegation that he suffered a PREA violation does not state a claim. To state a claim of First Amendment retaliation, a plaintiff must allege that (1) he engaged in activity

4

protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010). Plaintiff has only offered conclusory allegations that the defendants retaliated against him. Plaintiff has not alleged what each defendant did to Plaintiff that constitutes retaliation or punishment after Plaintiff complained of sexual assault. Accordingly, Plaintiff has failed to state a retaliation claim against the defendants.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). The court will not grant Plaintiff another opportunity to amend his complaint, given Plaintiff's failure to address the deficiencies noted in the court's May 5, 2020 Screening Order. "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). The court finds that allowing Plaintiff another opportunity to amend his complaint would be futile. Therefore, this action is dismissed for failure to state a claim upon which relief may be granted, arising from Plaintiff's failure to comply with the Federal Rules of Civil Procedure and for his failure to comply with the court's Screening Order.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file an amended complaint (Dkt. No. 19) is **GRANTED**. The Clerk is directed to detach and e-file the amended complaint (Dkt. No. 19-1).

5

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 27th day of May, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court - WIED

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

6

Case 1:20-cv-00558-WCG   Filed 05/27/20   Page 6 of 6   Document 21