UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON BRADLEY, SR.,

        Plaintiff,

      v.                           Case No. 20-C-558

GORENE GIEBEL, et al.,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Plaintiff Brandon Bradley, Sr., who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a May 27, 2020 screening order, the court summarily dismissed the action on the ground that Plaintiff failed to state a claim upon which relief could be granted. This matter comes before the court on Plaintiff's motion for relief from judgment, filed on July 24, 2020. Plaintiff moves for relief from the court's judgment and requests that I recuse myself from any further rulings in this matter.

"A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Nw. Med. Faculty Found.*, 273 F.3d 757, 762 (7th Cir. 2001). Those six grounds for relief include:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[R]elief from judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (citation omitted).

Plaintiff fails to provide the specific grounds under Rule 60 upon which he seeks to alter the judgment. Even if the court were to consider his motion under Rule 60(b)'s "catch all" provision, *see* Fed. R. Civ. P. 60(b)(6), Plaintiff presents no exceptional circumstances warranting relief from judgment. It appears Plaintiff's motion to alter the judgment is based on his belief that the court is "clearly protecting the defendants" and is prejudiced "against plaintiff due to plaintiff's sexuality." Dkt. No. 23 at 2. He asserts that the court should recuse itself from making any further rulings in this case. 28 U.S.C. § 455 provides that a judge should be disqualified if "he has a personal bias or prejudice concerning a party . . . ." I have no bias or prejudice concerning Plaintiff. Plaintiff's suggestion that the court has some hidden animus against him is merely the product of speculation and frustration with the court's rulings against him. It is well established that, "unless there are exceptional circumstances, judicial rulings are grounds for appeal, not disqualification." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). Therefore, Plaintiff's motion for recusal is denied. Plaintiff's arguments in support of his motion to alter the judgment are beyond the scope of Rule 60(b) and do not warrant relief from judgment. In sum, Plaintiff's motion for relief from judgment is denied.

2

**IT IS THEREFORE ORDERED** that Plaintiff's motion for relief from judgment and for

recusal (Dkt. No. 23) is **DENIED**.

Dated at Green Bay, Wisconsin this 28th day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

Case 1:20-cv-00558-WCG   Filed 07/28/20   Page 3 of 3   Document 24